UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **TERRANCE T. BROWN, LA. DOC #432458** | **CIVIL ACTION NO. 12-2853** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **BILLY TIGNER, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

**MEMORANDUM ORDER**

This is a prisoner civil rights action brought by Plaintiff Terrance T. Brown ("Brown") under 42 U.S.C. § 1983. Brown has brought this appeal [Doc. No. 18] of Magistrate Judge Karen L. Hayes' January 23, 2013 Order [Doc. No. 16].

Generally, prisoners who bring civil rights actions under § 1983 may proceed *in forma pauperis* ("IFP") if they meet the financial requirements. The so-called "three strikes provision" found in 28 U.S.C. § 1915(g) limits the right of prisoners to proceed IFP:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Initially, after having received and reviewed Brown's documentation, on January 3, 2013, Magistrate Judge Karen L. Hayes issued an order granting him the right to proceed *in forma pauperis* ("IFP"). However, on January 23, 2013, the Magistrate Judge issued another order [Doc. No. 16] revoking and rescinding Brown's IFP status after she "discovered that plaintiff's assertions concerning prior federal prisoner litigation are false and he has obtained authority to proceed . . .

[IFP] fraudulently." [Doc. No. 16, p. 2]. The Magistrate Judge cited four prior civil rights cases that were filed while Brown was a prisoner and that were subsequently dismissed as frivolous or for failure to state a claim. The Magistrate Judge further considered and rejected the possibility that Brown was entitled to proceed IFP because he is "'under imminent danger of serious physical injury.'" *Id.* at p. 3 (quoting 18 U.S.C. 1915(g)). In light of his filing history and lack of imminent danger, the Magistrate Judge revoked and rescinded Brown's IFP status and ordered him to pay the $350 filing fee within fourteen days or suffer the dismissal of his case. She further cautioned that any other fraud on the Court will result in the imposition of sanctions. *Id.* at p. 4.

On January 23, 2013, the Clerk of Court received and docketed Brown's appeal [Doc. No. 18] of the Magistrate Judge's January 23, 2013 Order. Brown does not contest the accuracy of his filing history. Instead, Brown contends that at least two of his prior cases were dismissed because of bias on the part of the magistrate and district judges. Therefore, Brown argues that the Magistrate Judge erred, and he should be allowed to proceed IFP.

The Court disagrees. If Brown wished to challenge the decisions in his prior civil rights actions, he could have appealed. He did not, and he cannot avoid the three strikes provision by attempting a collateral attack on his prior dismissals. The Magistrate Judge's January 23, 2013 Order [Doc. No. 16] was neither contrary to law nor clearly erroneous.
Therefore,

IT IS ORDERED that Brown's appeal [Doc. No. 18] is DENIED, and the Magistrate Judge's January 23, 2013 Order [Doc. No. 16] is AFFIRMED. If Brown wishes to proceed with this matter,

he must pay the $350 filing fee no later than February 6, 2013.

MONROE, LOUISIANA, this 31st day of January, 2013.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE